IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-179-FL

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **MEMORANDUM AND RECOMMENDATION** |
| MEGAN ELIZABETH BARDEEN, | |
| Defendant. | |

This matter comes before the court on the petitions of Corning Federal Credit Union ("CFCU") and Michelle Clayton ("Clayton"), interested third parties, for relief from a preliminary order of forfeiture and the Government's motion to dismiss Clayton's petition. [DE-32, -34, -38]. The Government also responded to all third-party petitions. [DE-40]. For the reasons stated below, it is recommended that CFCU's petition be allowed and the Government's motion to dismiss be denied. It is also recommended that the court allow a thirty-day period of discovery pursuant to Fed. R. Civ. P. 32.2(c)(1)(B) to resolve factual issues necessary for a determination of Clayton's petition.

## I. BACKGROUND

On December 13, 2018, Defendant pleaded guilty pursuant to a plea agreement to conspiracy to possess with the intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). [DE-1, -8]. On March 26, 2019, the court entered a preliminary order of forfeiture finding that the real property located at 5809 Hyatt Lane, Wilmington, North Carolina 28411 ("the property") was subject to forfeiture pursuant to 21 U.S.C. § 853. [DE-27]. The order provided in particular that the Government was entitled to seize specific property subject to forfeiture, conduct

any discovery in identifying, locating or disposing of property, and to commence proceedings that comply with the statutes governing third-party rights. *Id.* at 1. The Government was directed pursuant to 28 U.S.C. § 853(n) to publish notice of the preliminary order and of its intent to dispose of the property. *Id.* at 2. It is unclear from the record when the notice of forfeiture was published. On May 9, 2019, CFCU filed a verified petition for relief from forfeiture alleging that it has a recorded security interest in the property. [DE-32] at 1. CFCU attached a Note and Deed of Trust to its motion. [DE-32-1, -32-2]. On May 20, 2019, Clayton submitted a handwritten letter to the court which the court has construed as a petition for relief from forfeiture. [DE-34]. In her petition, Clayton states that the notice of forfeiture was delivered to her on May 10, 2019, that she has "a 2 year signed & legal lease," and that she and her spouse "were talking and very interested in the option to buy after lease was up." *Id.* at 2. Clayton also alleges that she "by no means had any idea of the crimes committed in this house." *Id.* She requested that the court instruct her on what she needs to do next, and she stated that she "will be getting all things needed together and sending them right behind this petition." *Id.* On June 26, 2019, the Government filed a motion to dismiss Clayton's petition for lack of standing and for failure to state a claim. [DE-38]. The Government also filed a response to all third-party petitions, stating, in relevant part, that it recognizes the full interest of CFCU as a third priority to be paid from the net sales proceeds, behind the costs of seizure, maintenance, forfeiture, and sale of the property and the state and local property taxes owed. [DE-40] at 1–2. On June 29, 2019, the court instructed Clayton to respond to the Government's motion to dismiss on or before July 10, 2019, or her petition could be dismissed. [DE-41]. To date, Clayton has failed to respond to the Government's motion or send "all things needed" as mentioned in her petition. *See* [DE-34] at 2.

## II. LEGAL STANDARDS

Following a preliminary order of forfeiture, the Government must "publish notice of the order and of its intent to dispose of the property." 21 U.S.C. § 853(n)(1). "Because criminal forfeiture is an action brought against a defendant as part of the prosecution of that defendant, there is only a very limited possibility for a third party to intervene." *United States v. Phillips*, 883 F.3d 399, 404 (4th Cir. 2018). Any third person claiming a legal interest in the property may, within thirty days of the final publication of notice or actual receipt of the notice, whichever is earlier, "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition must be signed "under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3). The court then holds a hearing at which the interested third party and the Government may present evidence. *Id.* § 853(n)(4)–(5). Following the hearing, the court amends the order of forfeiture only if:

> (A) The petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

*Id.* § 853(n)(6). To determine whether a petitioner has met the requirements of § 853(n)(6), the court looks to state law and employs a dominion and control test. *In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005); *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000).

3

## III. DISCUSSION

### A. CFCU's Petition

CFCU's petition states that Defendant granted it a security interest in the property, and it attached its Note and Deed of Trust. [DE-32, -32-1, -32-2]. In its response, the Government "recognizes in full the interest of Corning Federal Credit Union, as set forth in its verified petition," as a third priority after the costs of sale and taxes. [DE-40] at 2. Accordingly, there is no dispute that CFCU has a security interest in the property,[1] and therefore no hearing is necessary for CFCU to demonstrate that it has an interest superior to Defendant's. *See* 21 U.S.C. § 853(n)(6)(A); *United States v. Herring*, No. 5:12-CR-54-FL, text order (E.D.N.C. June 17, 2013) (holding that a hearing was unnecessary where the Government recognized the bank's interest). Accordingly, it is recommended that CFCU's third priority interest in the property be recognized in the final order of forfeiture. *See United States v. Goldsmith*, No. 5:14-CR-166-D, [DE-57] at 1 (E.D.N.C. Dec. 16, 2015) (instructing the Government to incorporate a provision recognizing the interest of a bank in its motion for a final order of forfeiture); *United States v. Congleton*, No. 5:12-CR-1-D, [DE-64] at 3 (E.D.N.C. Oct. 11, 2013) (amending a preliminary order of forfeiture to include a bank's security interest).

### B. Clayton's Petition and the Government's Motion to Dismiss

The Government contends that Clayton's petition should be dismissed because it fails to satisfy the requirements of § 853(n) in several respects. [DE-39] at 1–3. First, the Government alleges that Clayton's petition fails to state a claim. It is Clayton's burden to show that she either

---

[1] The Government also states that it "makes no representation or warranty that the forfeiture sale will yield sufficient proceeds to pay each and every interested third-party in full." [DE-40] at 3. Accordingly, even though the Government recognizes CFCU's interest in the property, it is conceivable that CFCU will not receive the full payment due under the Note. If the sale of the property does not yield sufficient proceeds to pay the Government's costs, the taxes owed, and the full amount due to CFCU, then CFCU will not receive its requested payment in full.

4

(A) has an interest in the property superior to Defendant's or (B) was a bona fide purchaser for value of the property. 21 U.S.C. § 853(n)(6); *United States v. McHan*, 345 F.3d 262, 277 (4th Cir. 2003). Clayton alleges that she has a leasehold interest in the property and that she contemplating the option to purchase it after her lease expires. [DE-34] at 2. Those allegations do not state a claim for relief under § 853(n)(6)(A) because a leasehold interest is not superior to ownership. *See United States v. Campos*, 859 F.2d 1233, 1238–39 (6th Cir. 1988) ("a superior interest would clearly be one in the nature of a lien, mortgage, recorded security device, constructive trust, valid assignment, or the like"); *United States v. One Rural Lot Identified as FINCA No. 5991 Located in Barrio Pueblo, Puerto Rico*, 726 F. Supp. 2d 61, 71 n.8 (D.P.R. 2010) (holding that the protection for superior interests does not apply to tenants under a lease).

However, Clayton may have a valid claim under § 853(n)(6)(B) as a bona fide purchaser for value. The Fourth Circuit has held that the phrase "bona fide purchaser for value" must be "construed liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return." *United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987). Other courts have held that petitioners with legally enforceable leases and no knowledge of the forfeitability of the property are bona fide purchasers because they give value to their landlords with the expectation that their leases would be honored. *See One Rural Lot Identified as FINCA No. 5991*, 726 F. Supp. 2d at 71 (noting that procedural due process mandates liberal construction of "bona fide purchaser for value," and holding that an innocent lessee who "neither knew nor had reason to believe that the property he occupied" was used in a criminal enterprise may claim the protections of § 853(n)(6)(B)); *United States v. Tanner*, 853 F. Supp. 190, 199 (W.D. Va. 1994) (recognizing a recorded lease in an order of forfeiture).

In ruling on the Government's motion to dismiss, the court assumes that the facts set forth in Clayton's petition are true. Fed. R. Crim. P. 32.2(c)(1)(A). Accordingly, the court assumes that Clayton does have a "signed & legal lease" and that she "by no means had any idea of the crimes committed in this house." [DE-34] at 2. Taking those allegations as true, it appears Clayton is a bona fide purchaser for value with no knowledge of the forfeitability of the property, and it is therefore recommended that the Government's motion to dismiss be denied.

The Government has requested that if its motion to dismiss is denied, the court set a period of discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B). Given the undeveloped nature of Clayton's assertions, a period of discovery is likely "necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B). It is therefore recommended further that the parties be afforded thirty days to conduct discovery, after which the Government may move for summary judgment. *See id.* Likewise, if Clayton can produce a valid lease, she may move for summary judgment such that her lease may be recognized in the final order of forfeiture.[2] *See id.; see also Tanner*, 853 F. Supp. at 199 (recognizing a recorded lease in an order of forfeiture).

Next, the Government contends that the petition is not signed under penalty of perjury, and 21 U.S.C. § 853(n)(3) requires the petition to be signed. However, Clayton is a pro se petitioner, and, if her petition were otherwise viable, it may be appropriate for the court to allow her to re-submit her petition signed under penalty of perjury because the court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that writings by pro

---

[2] The Government may concede that if Clayton can produce a legally enforceable lease, it will honor the lease after forfeiture. [DE-39] at 3. The Government states, "[a]t best, the forfeiture and subsequent sale of the property will be subject to whatever rights and privileges (as well as obligations) Clayton enjoys pursuant to any valid lease then in effect," and, "[w]hile the United States does not as a policy seek to evict residents from tenant-occupied property subject to forfeiture, the government reserves the right to do so should the occupant fail to provide satisfactory proof of the existence of a valid lease." *Id.*

se complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). As discussed above, a period of discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) is desirable to resolve factual issues surrounding Clayton's interest in the property; if, at the conclusion of the period of discovery, Clayton still wishes to pursue her petition, it is recommended that she be afforded an opportunity to re-submit it signed under penalty of perjury.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that CFCU's petition for relief [DE-32] be ALLOWED, that the Government's motion to dismiss [DE-38] be DENIED, and that the court set a thirty day period of discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) to resolve factual issues relating to Clayton's petition for relief [DE-34].

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **September 10, 2019** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding**

district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the 27th day of August 2019.

Robert B. Jones, Jr.
United States Magistrate Judge