IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-179-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MEGAN ELIZABETH BARDEEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Michelle Clayton's ("Clayton") pro se petition for relief from preliminary order of forfeiture (DE 34) and the government's motion for final order of forfeiture (DE 48). Plaintiff failed to respond to the government's motion, and the time for doing so has elapsed. In this posture, the issues raised are ripe for ruling. For the following reasons, the court dismisses Clayton's petition and grants the government's motion for final order of forfeiture.

**BACKGROUND**

On December 13, 2018, defendant pleaded guilty pursuant to written plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. At sentencing, the court entered preliminary order of forfeiture, finding real property located at 5809 Hyatt Lane, Wilmington, North Carolina, 28411 ("the property") subject to forfeiture under 21 U.S.C. § 853. Thereafter, Clayton submitted a handwritten letter to the court, wherein she claimed to have a leasehold interest in the property. The court construed Clayton's letter as the instant petition for relief from preliminary order of forfeiture.

On June 26, 2019, the government filed motion to dismiss Clayton's petition for lack of standing, failure to state a claim upon which relief can be granted, and failure to sign the petition

under penalty of perjury as required by 21 U.S.C. § 853(n)(3).  Thereafter, the clerk issued Clayton a Rule 12 letter, notifying Clayton that failure to respond to the government's motion to dismiss on or before July 10, 2019, may result in dismissal of her petition.  Clayton failed to respond.

On September 11, 2019, the court denied the government's motion to dismiss and set a 30-day period of discovery pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) to resolve factual disputes relating to Clayton's petition.  The court further directed Clayton to resubmit her petition under penalty of perjury, in the event Clayton still wished to pursue her claim.  Finally, the court ordered that within 21 days after the close of discovery, either party may move for summary judgment on whether Clayton's alleged interest in the property shall be included in the court's final order of forfeiture.

Clayton failed to resubmit her petition under penalty of perjury.  On November 1, 2019, the government filed the instant motion for final order of forfeiture, wherein it argued Clayton's failure to resubmit her petition constituted abandonment of her claim.  In the alternative, the government argues that facts gleaned during discovery show that Clayton lacks a cognizable interest in the property.  Clayton failed to respond to the government's motion or move for summary judgment at the close of discovery.

**COURT'S DISCUSSION**

Section 853(n)(3) requires a third-party petition for relief from forfeiture to be "signed by the petitioner under penalty of perjury."  21 U.S.C. § 853(n)(3).  Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, federal courts in this circuit have strictly construed this requirement to minimize the risk of false claims in forfeiture proceedings.  See e.g., United States v. Adams, 159 F. Supp. 3d 688, 696 (N.D.W.Va. Feb. 5, 2016) ("[T]he defendant simply states under penalty of perjury that he 'filed' the petition and 'served' the same

on the Government. This is not sufficient. Accordingly, the petition [ ] fails to meet that requirement and must be dismissed."); United States v. Chandler, No. 1:18-CR-79-MOC-WCM, 2019 WL 1427556, *3 (W.D.N.C. Mar. 29, 2019) ("The requirement that a third-party petition under Section 853(n) must be signed under penalty of perjury is 'not a mere technical requirement that we easily excuse.'") (quoting United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597 (7th Cir. 2000)); United States v. Elkins, No. 3:18-CR-15-MOC-DCK-1, 2019 WL 1507407, *1 (W.D.N.C. April 5, 2019) ("Courts strictly construe the signature under penalty of perjury requirement as an important stop-gap to minimize the danger of false claims.") (internal citations omitted).

Here, Clayton failed to submit her original petition under penalty of perjury. Moreover, Clayton failed to comply with the court's September 11, 2019, order directing her to resubmit her petition under penalty of perjury in the event she still wished to pursue her claim. Accordingly, Clayton's petition is denied, and the government's motion is granted. See Fed. R. Crim. P. 32.2(c)(1)(A) ("In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.") (emphasis added).

## CONCLUSION

Based on the foregoing, the court DISMISSES Clayton's petition and GRANTS the government's motion for final order of forfeiture. The clerk is DIRECTED to file the government's proposed final order of forfeiture lodged at DE 48-7.

SO ORDERED, this the 24th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge