IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:18-CR-00179-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MEGAN ELIZABETH BARDEEN | ) |

**AMENDED FINAL ORDER OF FORFEITURE OF REAL PROPERTY KNOWN AS 5809 HYATT LANE, WILMINGTON, NC**

WHEREAS, upon the United States' Motion for an Amended Final Order of Forfeiture and the underlying records in the docket, the Court makes the following findings:

1. On July 17, 2018, a Criminal Information was filed against Defendant MEGAN ELIZABETH BARDEEN charging the Defendant in Count One with Conspiracy to Possess With Intent to Distribute a Quantity of Methamphetamine in violation of 21 U.S.C. § 846 [DE-1];

2. The Criminal Information gave notice of the United States' intention to seek the forfeiture, pursuant to 21 U.S.C. § 853, of any property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the offense and any property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

3. On December 13, 2018, Defendant entered a guilty plea pursuant to a written Plea Agreement to Count One of the Criminal Information, Conspiracy to

1

Possess With Intent to Distribute a Quantity of Methamphetamine in violation of 21 U.S.C. § 846 [DE-11];

4. On March 24, 2019, the Defendant signed a consent to forfeiture in which she agreed to the forfeiture, pursuant to 21 U.S.C. § 853(a), of

> The residence and property at 5809 Hyatt Lane, Wilmington, North Carolina 28411, BEING ALL of Lot 36, Section One, Belmar Forest Subdivision, as the same is shown on a map duly recorded in Map Book 36, Page 337 and 338 of the New Hanover County Registry, reference to which is made for a more particular description

(hereinafter, "5809 HYATT LANE" or "Real Property") as property that was used to commit or to facilitate the commission of the offense to which she pleaded guilty [DE-23];

5. A Preliminary Order of Forfeiture forfeiting the Real Property pursuant to 21 U.S.C. § 853, subject to notification and adjudication of any third-party interests pursuant to 21 U.S.C. § 853(n), was entered on March 26, 2019 [DE-27];

6. The Defendant was sentenced and a Judgment was entered on March 26, 2019 [DE-29] and that Judgment incorporated the Preliminary Order of Forfeiture by reference;

7. A *Lis Pendens* giving notice of the United States' intent to forfeit 5809 HYATT LANE was filed with the New Hanover County Clerk of Superior Court on April 3, 2019, Case No: 19-M-341;

8. The United States published notice of this forfeiture at the www.forfeiture.gov web site for at least 30 consecutive days, between April 20, 2019 and May 19, 2019 as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for

Admiralty of Maritime Claims and Asset Forfeiture Actions, and said published notice advised all third parties of their right to petition the court within sixty (60) days from the first day of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

9. The Real Property known as 5809 HYATT LANE is titled to MEGAN E. BARDEEN, whose interests were extinguished by operation of the Preliminary Order of Forfeiture;

10. The United States sent direct written notice of the Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Subject Property in the ancillary proceeding, which included Corning Federal Credit Union, All American Bail Bonding, and the New Hanover County Tax Office [DE-44];

11. Service upon 5809 HYATT LANE was executed by posting the Preliminary Order of Forfeiture on the property by an agent of the United States Marshals Service on May 3, 2019 [DE-43];

12. The following third-party petitions of interest were filed as to the Real Property: Corning Federal Credit Union ("CFCU"), as beneficiary of a Deed of Trust on the Real Property [DE-32]; and Michelle Clayton ("Clayton"), as a current tenant or occupant of the Real Property [DE-35];

13. The United States filed a response to the Petitions [DE-40] which indicated that after payment of costs incurred by or on behalf of the United States

Marshals Service ("USMS") for the seizure, maintenance, forfeiture and sale of the Real Property, the United States would pay the pro rata share of state or local real property taxes from January 1, 2019 through the date of the entry of the Final Order of Forfeiture;

14. The United States' Response also recognized as a third priority the lien of CFCU on the Real Property, and the Court allowed CFCU's petition by Order entered on September 11, 2019 [DE-47];

15. Thereafter, CFCU informed the government that it was exercising its contractual offset rights and was able to obtain full payment of the outstanding balance of its loan from funds that the Defendant maintained in various deposit accounts at CFCU. Consequently, CFCU's lien on the real property has been satisfied and CFCU desires to withdraw its petition of interest;

16. Counsel for CFCU has been consulted and consents to the entry of this Amended Final Order of Forfeiture;

17. The United States' Response disputed the claim filed by Clayton on grounds, *inter alia*, that the petition was not signed under penalty of perjury as required by 21 U.S.C. § 853(n)(3); and thereafter, the Court set a 30-day discovery period commencing on September 11, 2019, and further directed Clayton to refile a proper petition under penalty of perjury within 14 days of the close of discovery in the event she wished to pursue her petition [DE-47];

18. The deadline for Clayton to resubmit a proper petition expired on October 25, 2019, and Clayton has abandoned her claim by virtue of her failure to

timely file a proper petition as directed by the Court;

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), the Preliminary Order of Forfeiture entered on March 26, 2019 [DE-27], ordering the forfeiture of the Real Property pursuant to 21 U.S.C. § 853, is now final;

2. All right, title and interest to 5809 HYATT LANE described in Paragraph 4, above, is hereby condemned, forfeited and vested in the United States of America and the United States shall have clear title to 5809 HYATT LANE and may warrant good title to any subsequent purchaser or transferee;

3. The United States Marshals Service ("USMS") is authorized to dispose of 5809 HYATT LANE in accordance with the law;

4. Upon the sale of 5809 HYATT LANE the proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

   a. First, to the USMS pursuant to 21 U.S.C. § 881(e)(2)(A)(i), any and all costs and expenses incurred by the USMS in connection with the seizure, maintenance, forfeiture, marketing and sale of the property; escrow fees; insurance costs, if any; commissions, if any; document recording fees not paid by the buyer; title fees; and transfer taxes;

   b. Second, to the NEW HANOVER COUNTY TAX COLLECTOR for all unpaid real property taxes due and owing through the date of the entry of a Final Order of Forfeiture; provided, however, that the United States shall not be liable for the payment of state or local property taxes after March 24, 2020, the date that the Final Order of Forfeiture was initially entered; and

   c. Finally, any remaining balance shall be forfeited to the United States and shall be disposed of according to law;

5. Other than those interests recognized herein, no other person or entity,

5

shall have any right, title or interest in 5809 HYATT LANE and any and all liens are hereby released as of the date of the USMS' closing of the sale of 5809 HYATT LANE; and

6. The United States District Court shall retain jurisdiction for the purpose of enforcing this Final Order of Forfeiture.

SO ORDERED, this the __12th__ day of ____June____, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge