IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-179-FL-1
NO. 7:20-CV-49-FL

| | | |
|---|---|---|
| MEGAN ELIZABETH BARDEEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 50) and respondent's motion to dismiss (DE 56). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank, entered a memorandum and recommendation ("M&R") (DE 86), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

On December 23, 2018, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The court held petitioner's sentencing hearing on March 26, 2019. The presentence investigation report ("PSR"), which the court adopted, determined petitioner was responsible for distributing 29.5 ounces of methamphetamine (which translates to approximately 835 grams), 35 grams of crack

cocaine, and 37 grams of heroin. Petitioner also maintained a premises for distributing controlled substances and possessed a dangerous weapon in the course of drug trafficking. Petitioner's criminal history category was II based on her prior conviction for driving while impaired and where she committed the instant offense while on probation. With offense level 35 and criminal history category II, the advisory Guidelines range was 188 to 235 months' imprisonment. Additionally, the statutory mandatory minimum punishment was 10 years' imprisonment. The government, however, filed motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), thereby permitting a sentence below the mandatory minimum. The parties agreed to a recommended custodial sentence of 100 months' imprisonment, representing an approximate 47% reduction from the low end of the Guidelines range, which the court imposed.

Petitioner filed the instant motion to vacate on March 17, 2020, claiming ineffective assistance of counsel at sentencing (ground one), weapon enhancement § 2D1.1(b)(1) should not apply (ground two), and safety valve reduction § 2D1.1(b)(18) should apply (ground three). The government filed the instant motion to dismiss on March 26, 2020, arguing that grounds two and three are procedurally defaulted, and that ground three fails to state a claim upon which relief can be granted. In M&R entered February 11, 2022, the magistrate judge recommends dismissal of the petition on the basis that petitioner fails to state a claim upon which relief can be granted. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the

2

Case 7:18-cr-00179-FL    Document 91    Filed 08/11/22    Page 2 of 6

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The magistrate judge correctly determined that petitioner fails to state a claim of ineffective assistance of counsel, in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S.

3

668, 678-88 (1984). The court writes separately to augment the analysis of the M&R and to address petitioner's objections.

Petitioner argues in her objections that counsel was unreasonable in failing to persist in objecting to the enhancement for possession of a firearm, under § 2D1.1(b)(1). However, this argument is not plausible under the circumstances of this case. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." Strickland, 466 U.S. at 681. "[S]trategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based." Id.

Here, counsel's decision to withdraw objections to the guidelines range was reasonable on the basis of a combination of undisputed circumstances. First, as announced at sentencing by the government, the parties had reached an agreement to jointly recommend a sentence of 100 months, which the court adopted after hearing lengthy argument by the government, defense counsel, and petitioner's statement. As a matter of strategy, it was reasonable to forego further adversarial argument as to the guidelines range, where the government had agreed to recommend a sentence of 100 months. Second, the government made clear also in its argument at sentencing that, had such an agreement not been reached, the government would have recommended a very high end of the guideline sentence, 235 months. Faced with such a posture by the government, counsel's decision to withdraw objections in favor of an agreed upon recommended sentence over ten years below the government's starting position was reasonable. Third, petitioner's argument challenging the § 2D1.1(b)(1) enhancement is without merit under the circumstances presented in the PSR, where petitioner was a passenger in her vehicle that was driven by co-conspirator Jonathan Poole,

when agents conducted a traffic stop and recovered a BB gun under the driver's seat. (PSR (DE 18) at 4, 14). Therefore, there was no reasonable strategic basis for counsel to persist in objection to the § 2D1.1(b)(1) enhancement. There was likewise no reasonable probability of a better outcome had counsel persisted. Therefore, petitioner's claims premised upon the § 2D1.1(b)(1) enhancement, including those related parts of grounds one and two of petitioner's motion, are without merit.

Petitioner also argues that counsel was unreasonable in failing to argue in favor of safety valve eligibility. However, for the same reasons pertaining to the § 2D1.1(b)(1) enhancement, it was not unreasonable for counsel to forego adjudication of the safety valve reduction under § 2D1.1(b)(18). Under the circumstances, the benefits of a unified recommendation to the court substantially below the statutory minimum outweighed any speculative benefit arising from further adjudication of a 2-level guidelines range reduction. Moreover, having presided over sentencing in this matter and considered the parties' arguments at sentencing, the court determines that petitioner has not demonstrated that further argument in favor of a further 2-level reduction for the safety valve would have probably resulted in a different outcome. Therefore, petitioner's claims premised upon the statutory safety valve, including those related parts of grounds one and three of petitioner's motion, are without merit.

Petitioner contends that this case is analogous to United States v. Allison, 301 F. App'x 243, 246 (4th Cir. 2008). Allison, however, is inapposite for multiple reasons. There, the court addressed an argument on direct appeal of a conviction, on the basis that the court erred in not applying the safety-valve reduction. The issue before the court in Allison was not whether counsel was ineffective in declining to persist in objections in the circumstances presented here. Further, in Allison, the facts were "undisputed that [the co-conspirator] obtained the firearm and put it

5

under the passenger seat of the car without [the defendant's] knowledge." 301 Fed. Appx. at 246. The same cannot be said of the facts here, given the close relationship of Poole and Bardeen at the time of the offense conduct, which relationship was detailed in the PSR and in the presentation by the government at sentencing. (PSR (DE 18) at 4).

In sum, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 86). Petitioner's motion to vacate, set aside, or correct sentence (DE 50) is DISMISSED, and respondent's motion to dismiss (DE 56) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 11th day of August, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge